**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>Melissa A. Caceres,<br><br>Debtor(s). | BK. No. SV 05-10631-MT<br><br>Chapter 7<br><br>Date:   June 15, 2005<br>Time:  10:00 a.m.<br>Place:  Courtroom 302 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION TO AVOID LIEN**

Findings of Fact

On May 11, 2005, debtor filed a motion, notice, and declaration requesting that this Court avoid a lien in favor of State Farm Bank pursuant to 11 U.S.C. § 522(f). The lien attaches to the debtor's 1998 Volvo S-70 (the "Property"). State Farm Bank filed an opposition. A hearing was held on June 15, 2005, to consider the motion.

On May 11, 2005, debtor filed amended schedules, indicating that the value of the Property is $6,500. In the amended Schedule C, debtor claimed an exemption in the Property in the amount of $1,500. In the amended Schedule D, debtor indicated that she owes $5,000 to State Farm Bank, and debtor describes the secured debt as

"purchase money lien on 1998 Volvo S-70." In the motion, debtor did not indicate the current balance owed or the lien amount, only stating that the principal amount is $8,000.

### Conclusions of Law

A debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that the lien impairs an exemption that is properly claimed and to which there is no objection. 11 U.S.C. § 522(f)(1). A debtor may avoid a judicial lien, pursuant to § 522(f)(1)(A), on a nonpossessory, nonpurchase-money security interest in household goods, tools of trade, or professionally prescribed health aids. § 522(f)(1)(B).

Debtor, in order to avoid a nonpossessory, nonpurchase-money lien, must satisfy three conditions: first, the subject lien must be a nonpossessory, nonpurchase money security interest; second, the security interest must impair an exemption to which the debtor would be entitled; and third, the property of the debtor subject to the lien must fall within the limiting language of § 522(f)(1)(B)(i) through (iii).

In this case, debtor fails to satisfy all three conditions. Despite the fact that the motion, in paragraph 7(c), specifically states that the loan was not obtained for the purpose of buying the personal property, debtor's schedule D states that this lien is a "purchase money lien." Indeed, there is no evidence that the lien in question is a nonpossessory, nonpurchase money security lien, as required by § 522(f)(1)(B). Secondly, debtor amended the schedules to claim an exemption in the Property in the amount of $1,500, while valuing the Property in the amount of $6,500. Debtor did not fill in the value of the current balance due on the loan, as required by paragraph 7(d) of the motion form. Thus, even if this is a nonpossessory, nonpurchase money security interest, the lien of $5,000, which is the amount owing according to the amended

1  Schedule D, does not impair debtor's exemption of $1,500 since the Property is valued
2  at $6,500.  As clearly stated in § 522(f)(1), debtor may only avoid a lien to the extent
3  that such lien impairs an exemption.  Lastly, even assuming debtor satisfies the above
4  two conditions, the Property is not the type of exempt property to which § 522(f)(1)(B)
5  applies.  Indeed, real property and motor vehicles are notably absent from the
6  provision, and debtor has provided no legal authority that a motor vehicle may qualify
7  under one of the three categories of exempt property in § 522(f)(1)(B)(i) through (iii).
8      Consequently, the debtor may not avoid the lien.  The motion will be denied
9  without prejudice.  An appropriate order will issue.

10
11  DATED: 6/27/05

                                MAUREEN A. TIGHE
12                                United States Bankruptcy Judge

## CERTIFICATE OF SERVICE BY MAIL

I certify that a true copy of this **FINDINGS OF FACT AND CONCLUSION OF LAW** was mailed on _____ to the parties listed below:

**Debtor**
Melissa Caceres
6629 Sedan Avenue
West Hills, CA 91307

**Attorney For Debtor**
Devin Sawdayi
9107 Wilshire Blvd., Ste. 250
Beverly Hills, CA 90210

**Trustee Assigned**
David K. Gottlieb
15233 Ventura Blvd., 9th Fl.
Sherman Oaks, CA 91403

**Creditor**
Jerome A. Yelsky
12100 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90025

Dated:

_____
DEPUTY CLERK

- 4 -